**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LORRAINE DIMARCO, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | No.: |
| | : | |
| v. | : | |
| | : | |
| EASTERN AIRLINES, LLC; EASTERN | : | |
| AIR HOLDINGS, INC.; | : | |
| BRIAN RANDOW; KENNETH M. | : | |
| WOOLLEY; JEFFREY CONRY, | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**COMPLAINT**

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

2.      Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

3.      Plaintiff is a resident of New Jersey who was not paid her agreed upon severance by Defendants.

4.      Defendant Eastern Airlines LLC ("EAL") is a limited liability company organized and existing under the laws of the State of Nevada.  At the time of the events described in this Complaint, EAL had its principal office at 550 E. Swedesford Road, Suite 210, Wayne, PA 19087.  It's principal place of business is currently at 11500 Ambassador Drive, Suite 500, Kansas City, MO 64153.  Upon information and belief, the members of EAL are citizens of states other than New Jersey.

1

5. Defendant Eastern Air Holdings, Inc. ("EAH") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 11500 Ambassador Drive, Suite 500, Kansas City, MO 64153.

6. At all pertinent times EAL was a subsidiary of EAH.  EAH oversaw corporate decision making and exercised policy making functions at EAL.

7. At all pertinent times Defendant Brian Randow was the President and Chief Operating Officer of EAL.  Defendant Randow is a citizen of a state other than New Jersey.

8. At all pertinent times Defendant Kenneth M. Woolley was an owner and Director of EAH.  Defendant Woolley is a citizen of the State of Utah.

9. At all pertinent times Defendant Jeffrey Conry was the President and CEO of EAH.  Defendant Conry is a citizen of a state other than New Jersey.

10. Defendants are employers as defined in the Pennsylvania Wage Payment and Collection Law.  Each of the other Defendants was an agent or officer of Defendant EAL. Each of the individual defendants was actively involved in corporate decision making, and indeed they exercised policy making functions at EAL.  Therefore, all are liable as employers under the Pennsylvania Wage Payment and Collection Law.

11. Plaintiff was employed by Defendants in its Wayne, Pennsylvania office pursuant to a written contract, which specified that Plaintiff's annual salary was $200,000.

12. Plaintiff's employment contract specified that in the event that Plaintiff's employment was terminated without "cause" she would receive an amount equal to twelve (12) months of salary.

13. Plaintiff worked diligently for Defendants through April 2023 when Defendants terminated her employment without cause as defined in her employment agreement.

14. Defendants have failed and refused to pay Plaintiff her severance payment.

15. More than thirty days has elapsed since Plaintiff demanded payment of her unpaid severance.

## COUNT ONE  -- AGAINST ALL DEFENDANTS

(Violation of Pennsylvania Wage Payment and Collection Law)

16.  Defendants are employers as defined in the Pennsylvania Wage Payment and Collection Law.

17. Defendants have failed and refused to pay Plaintiff the wages she was promised, in the amount of $200,000 in earned severance.

18. More than thirty days has elapsed since Plaintiff demanded payment of her wages in writing.  Accordingly Plaintiff is entitled to liquidated damages of 25% of his unpaid wages.

19. Pursuant to the WPCL Plaintiff is entitled to payment of her reasonable attorneys' fees and costs in pursuing her unpaid wages.

WHEREFORE, Plaintiff demands judgment in her favor and against all defendants for the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT TWO – AGAINST EASTERN AIRLINES LLC

(Breach of Contract)

20. Plaintiff and Defendant EAL entered into a written contract specifying that Plaintiff would be paid a severance pay in the amount of $200,000 if she was terminated without cause.

21.    Defendant EAL failed to pay Plaintiff's severance pay as agreed.

22.    Plaintiff has been damages by Defendant's breach of contract.

WHEREFORE, Plaintiff demands compensatory damages, plus prejudgment interest and such other relief as the Court deems proper.

Respectfully submitted,

Date: 4/23/2026                    By:  /s/ M. Frances Ryan
                                       M. Frances Ryan
                                       Wusinich, Sweeney & Ryan, LLC
                                       102 Pickering Way, Suite 403
                                       Exton, PA  19341
                                       (610) 594-1600
                                       mfrancesryan@wusinichsweeney.com
                                       *Attorney for Plaintiff*